IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TALLYGENICOM, L.P., *et al.*,[1] | ) | Case No. 09–10266(CSS) |
| | ) | |
| Debtors. | ) | Joint Administration Pending |
| | ) | |
| | ) | **Objections Due: TBD** |
| | ) | **Hearing Date: February 10, 2009 (Proposed for Sale Procedures portion of Motion only)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § 102(1) SHORTENING NOTICE OF MOTION OF THE DEBTORS FOR ORDERS: ONE (I) APPROVING PROCEDURES WITH RESPECT TO THE PROPOSED SALE OF THE ASSETS OF THE DEBTORS,(II) SCHEDULING A HEARING ON THE SALE AND SETTING OBJECTION AND BIDDING DEADLINES WITH RESPECT TO THE SALE, (III) APPROVINGTHE FORM AND MANNER OF NOTICE OF AN AUCTION FOR THE DEBTORS' ASSETS AND THE SALE HEARING, (IV) APPROVING BID PROTECTIONS, AND (V) GRANTING RELATED RELIEF; AND THE OTHER (A) AUTHORIZINGTHE SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, PURSUANT TO THE APA RELATED THERETO, (B) AUTHORIZING AND APPROVING THE APA, (C) AUTHORIZING AND APPROVING THE TRANSITION SERVICES AGREEMENT, (D) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AS NECESSARY IN CONNECTION WITH THE SALE, AND (E) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court (the "Motion")[2] for entry of an order, pursuant to section 102(1) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules

---

[1] The Debtors are the following entities (followed by their tax identification numbers): TallyGenicom, L.P. (54-1996340), TallyGenicom Holdings, LLC (65-1160834), and Printing Solutions, Inc. (01-0758396). The mailing address for all of the Debtors for the purpose of these chapter 11 cases is 4500 Daly Drive, Suite 100, Chantilly, VA 20151.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Procedures Motion.

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening notice to allow the Motion Of The Debtors For Orders: One (I) Approving Procedures With Respect To The Proposed Sale Of The Assets Of The Debtors, (II) Scheduling A Hearing On The Sale And Setting Objection And Bidding Deadlines With Respect To The Sale, (III) Approving The Form And Manner Of Notice Of An Auction For The Debtors' Assets And The Sale Hearing, (IV) Approving Bid Protections, And (V) Granting Related Relief; And The Other (A) Authorizing The Sale Free And Clear Of Liens, Claims, Encumbrances, And Interests, Pursuant To The APA Related Thereto, (B) Authorizing And Approving The APA, (C) Authorizing And Approving The Transition Services Agreement, (D) Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, As Necessary In Connection With The Sale, And (E) Granting Related Relief (the "Sale Procedures/Sale Motion") to be considered on an expedited basis. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. § 1408 and § 1409

2. The statutory basis for the relief requested herein is section 102(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## BACKGROUND

3. On January 27, 2009 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). No trustee, examiner or creditors' committee has been appointed in

2

these cases. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of John Waksmunski in Support of First Day Relief (the "<u>Waksmunski Declaration</u>") filed contemporaneously herewith and incorporated herein by reference.

5. As set forth more fully in the Sale Procedures/Sale Motion, filed contemporaneously with this Motion and incorporated herein by reference, the Debtors seek, among other things, approval of sale procedures, "stalking horse" bid protections, the form and manner of notice of the sale or sales of the Debtors' assets, the form and manner of notice of the assumption and assignment, including cure amounts, of executory contracts and unexpired leases. The Debtors propose these procedures as a means by which to facilitate the sale of substantially all of the Debtors' assets to a proposed stalking horse purchaser or any other interested parties. The Debtors submit that the Court should shorten notice of the Sale Procedures/Sale Motion to allow an initial hearing on the sale procedures and bid protections portions of the Sale Procedures Motion on February 10, 2009, or as soon thereafter as is convenient for the Court. Expedited relief is necessary for the Debtors to maximize the value their assets during the sale process while keeping administrative expenses in check.

6. If the Court approves the sale procedures and the "stalking horse" bid protections, the Debtors will be able to operate as a going concern with the confidence that a sale of their businesses will be consummated in the near future. Although some losses may be sustained during the solicitation of bids, the decision to continue operations will be justified by the prospect of better and higher bids being received and the added value the Debtors can expect

to receive if they are able to sell their businesses while they are still a going concern. Furthermore, as set forth below, the Debtors' DIP financing requires an expedited sale process.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek the entry of an order (a) shortening the notice period for the Sale Procedures/Sale Motion to enable the Debtors to present the Sale Procedures/Sale Motion for consideration at a hearing scheduled for **February 10, 2009, or as soon thereafter as is convenient for the Court**, and (b) setting an appropriate objection deadline for the Bid Procedures Motion. At the First Day Hearing in these cases, the Debtors anticipate presenting a proposed timeline for the sale process and hope to obtain dates related to this Motion and the Sale Procedures/Sale Motion, as well as other dates for the sale process.

## BASIS FOR RELIEF REQUESTED

8. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). As set forth below, shortened notice is justified here.

9. Scheduling the hearing at a later date would be detrimental to the Debtors as it will be extremely difficult, if not impossible, for the Debtors to continue to solicit bids to purchase their businesses as a going concern after that date, given the severe and acute financial distress the Debtors are currently experiencing. The Debtors believe that given their current financial status, unless they are permitted to sell the Purchased Assets pursuant to the Sale Procedures set forth in the Sale Procedures/Sale Motion on an expedited basis, the Debtors' efforts to maximize value during these chapter 11 cases would be jeopardized. Moreover, the DIP Financing provided by Dymas Funding Company, LLC ("Dymas"), requires that the Debtors obtain an order approving the Sale no later than 32 (thirty-two) days after the Petition

Date. Therefore, time is of the essence to approve the Sale, which Dymas supports. In light of these factors, the Debtors believe that shortened notice is appropriate under the circumstances.

10. For these reasons, the Debtors respectfully submit that allowing the Sale Procedures/Sale Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## NOTICE

11. No trustee, examiner or creditors' committee has been appointed in the Chapter 11 Cases. Notice of the Motion has been provided to: (a) the United States Trustee; (b) those parties listed on the consolidated list of creditors holding the thirty largest unsecured claims against the Debtors, as identified in their chapter 11 petitions; and (c) counsel for Dymas Funding Company, LLC, as administrative agent for the prepetition secured lenders. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

12. No prior request for the relief sought in the Motion has been made to this Court or any other court.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice of the Sale Procedures/Sale Motion such that the Sale Procedures/Sale Motion may be considered at a hearing scheduled to be convened by this Court on February 10, 2009, or as soon thereafter as is convenient for the Court, and (ii) granting such other and further relief as is just and proper.

January 27, 2009
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *illegible signature*

Robert J. Dehney (Bar No. 3578)
Gregory T. Donilon (Bar No. 4244)
Ann C. Cordo (Bar No. 4817)
John A. Sensing (Bar No. 5232)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Proposed Counsel for the Debtors and Debtors-in-Possession*

2697928.2