# EXHIBIT B

# Revised Proposed Order
# (Blackline Copy)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PRINTING SOLUTIONS LP, *et al.*,[1] | ) Case No. 09-10266 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Re: D.I. ———521 |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 349 AND 1112(b) AND FED. R. BANKR. P. 1017 AND 2002 (I) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Printing Solutions LP, Printing Solutions LLC, and Printing Solutions Inc., debtors and debtors-in-possession in the above-captioned cases (collectively the "Debtors"), for entry of an order, pursuant to sections 105(a), 349 and 1112(b) of the Bankruptcy Code and Bankruptcy Rules 1017 and 2002, (i) dismissing the Debtors' chapter 11 cases and (ii) granting certain related relief; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334 and this matter being a core matter pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtors are the following entities (followed by their tax identification numbers): Printing Solutions LP (54-1996340), Printing Solutions LLC (65-1160834), and Printing Solutions Inc. (01-0758396). The mailing address for all of the Debtors for the purpose of these chapter 11 cases is One Solutions Way, Suite 100, Waynesboro, VA 22980.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

2. Pursuant to section 1112(b) the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed, with such dismissal to be effective at **12:01 a.m. (ET) on November ~~___,~~14, 2009**.

3. The Debtors are authorized to dissolve pursuant to applicable state law.

4. ~~Notwithstanding~~In accordance with section 349 of the Bankruptcy Code, all prior orders of the Court shall survive dismissal of these cases~~, including, without limitation,~~ ~~(a.~~ For the avoidance of doubt, such surviving orders shall include, but not be limited to: (a) any order providing for survival of dismissal therein; (b) orders approving first day relief requested by the Debtors in these chapter 11 cases, (~~b~~c) orders relating to and approving the Sales,[3] including, without limitation, the order approving the key employee incentive plans, and (~~c~~d) orders relating to and approving the DIP Facility, including, without limitation, the Final DIP Order, the First Amending DIP Order and the Second Amending DIP Order; also without limitation, the Committee Settlement shall remain effective and binding on all relevant parties.

5. Any professionals retained in these cases by the Debtors or the Committee or Committee members seeking payment of final fees and expenses shall file final fee applications (collectively, the "Final Fee Applications") on or by December ~~___,~~4, 2009. Objections, if any to such Final Fee Applications shall be filed and served by December ~~___,~~21, 2009 at 4:00 p.m. (ET). A hearing on the Final Fee Applications shall be held on ~~_____,~~

---

[3] For the avoidance of doubt, Orders relating to and approving the Sales shall include, but not be limited to: (a) the *Order under 11 U.S.C. §§ 105(a), 363 and 365 (I) Authorizing and Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing and Approving the Asset Purchase Agreement with Respect Thereto, (III) Authorizing and Approving the Transition Services Agreement with Respect Thereto, (IV) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases as Necessary in Connection with the Sale, and (V) Granting Related Relief* (D.I. 229), to the extent not vacated by the Settlement Order (as defined in sub-part (b) of this footnote); and (b) the *Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 Approving Settlement Agreements* (D.I. 375) (the "Settlement Order").

~~20~~ ~~at~~ ~~:~~ <ins>December 28, 2009 at 11:00 a</ins>.m. (ET).  For the avoidance of doubt, notwithstanding the prior closure of the chapter 11 cases, this Court retains jurisdiction to consider and act upon the Final Fee Applications.

~~6.     The Committee is authorized to take any actions reasonably necessary to effectuate the Trust, including, without limitation, selecting a trustee for the Trust (the "Creditor Trustee") and the execution of trust documents evidencing the existence of the Trust and the terms of its administration.  Within ten (10) days after the selection of the Creditor Trustee, the Committee shall file and serve on the parties required by Local Bankruptcy Rule 2002-1(b) a notice identifying the Creditor Trustee and providing contact information for the Creditor Trustee.~~

~~7.     From and after the date of this Order, none of the Debtors, nor the Committee, nor Dymas, and none of the Debtors', Committee's, and Dymas' respective present directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity), shall have or incur any liability to any person for any act taken or omitted to be taken in connection with or related to the formation, preparation, dissemination, implementation, or consummation of the Motion (other than an action in contravention of the Motion or the implementation of this Order), or any contract, instrument, or document created or entered into, or any other act taken in connection with the Motion or this Order, except for any claim or cause of action arising from the fraud, gross negligence or willful misconduct of such party.~~

<ins>6.</ins>     ~~8.~~ The Debtors are authorized to take all actions necessary to implement this Order.

<ins>7.</ins>     ~~9.~~ This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

- 3 -

Dated: ———————November ———, 2009
 Wilmington, Delaware

                                                        THE HONORABLE CHRISTOPHER S. SONTCHI
                                                        UNITED STATES BANKRUPTCY JUDGE

3223686.1
3223686